IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMARK MCKINNEY, Individually and On**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

v.           **CASE NO. 4:21-cv-886-KGB**

**L7 COMMUNICATIONS, LLC**                **DEFENDANT**

## JOINT MOTION FOR APPROVAL AND DISMISSAL

  Plaintiffs, Jamark McKinney, Rashad McKinney, and Antonio Tenner (Plaintiffs), and Defendant, L7 Communications, LLC (Defendant) (collectively, the Parties), by and through their undersigned counsel, and for their Joint Motion for Approval and Dismissal, state:

  1.  Plaintiff Jamark McKinney filed his Class and Collective Action Complaint on October 5, 2021, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*, and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11–4–201 *et seq*.

  2.  On September 29, 2022, the Parties filed their Joint Motion to Amend Plaintiff's Complaint, jointly seeking leave for Plaintiff Jamark McKinney to amend his Complaint to remove the collective action claims and add as party plaintiffs Rashad McKinney and Antonio Tenner. *See* ECF No. 10.

  3.  The Court granted the Parties' Joint Motion to Amend, *see* ECF No. 15, and, on November 22, 2022, Plaintiffs filed their First Amended and Substituted Complaint (Amended Complaint), *see* ECF No. 16. Plaintiffs' Amended Complaint alleges violations of the FLSA and the AMWA. *See* ECF No. 16, ¶ 2. Specifically, Plaintiffs allege that they were improperly classified as exempt, which resulted Defendant's alleged failure to pay Plaintiffs lawful overtime

1

compensation for hours worked in excess of forty (40) hours in a workweek. *See* ECF No. 16, ¶¶ 2, 55.

4. Defendant denies that Plaintiffs were not properly compensated for all hours worked, including overtime hours, thereby creating a bona fide dispute as to wages owed. Specifically, Defendant maintains that it properly classified Plaintiffs as exempt from overtime pay under the FLSA and AMWA. Accordingly, bona fide disputes of Plaintiffs' claims exist.

5. The Parties engaged in discovery regarding Plaintiff's claims and the time records, pay records, compensation, job duties, and other issues related to the underlying merits of the claims against Defendant as well as defenses thereto.

6. Following negotiations between counsel, the Parties have entered into a Settlement Agreement and Release (Settlement Agreement) for Plaintiffs resolving the litigation of their claims for back wages and other relief in full and requesting dismissal of said claims with prejudice. A copy of the proposed Settlement Agreement is attached hereto as <u>Exhibit A</u>.

7. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court ensure that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motion for approval of FLSA settlements. However, other court have scrutinized such settlement for fairness in two steps:

268200

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

8. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of relevant information by experienced counsel representing the Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, discovery, a jury trial, and potentially, an appeal.

9. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiffs' claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of their own claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

10. The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

defendant, and costs of the action."). Following the Parties' negotiations and resolution of Plaintiffs' claims, the Parties negotiated and agreed to an award of reasonable attorneys' fees and costs, as set forth in the Settlement Agreement. This amount was negotiated separate and apart from Plaintiffs' portion of the settlement and did not reduce the amount available to Plaintiffs.

11. Accordingly, Plaintiffs and Defendant jointly seek dismissal, with prejudice, of Plaintiffs' claims for back wages and other relief, including attorneys' fees and costs, as sought in the Amended Complaint in this action. The Parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice but retain jurisdiction for the enforcement of the Settlement Agreement.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an order dismissing with prejudice Plaintiffs' claims against Defendant, and approving the Settlement Agreement, and for all other relief to which they are entitled.

>Respectfully submitted,
>
>Chris Burks (ABN: 2010207)
>WH Law | We Help
>1 Riverfront Pl. – Suite 745
>North Little Rock, Arkansas 72214
>(501) 891-6000
>Email: chris@wh.law
>
>*Attorney for Plaintiff*
>
>- and -
>
>Gregory J. Northen (Ark. Bar No. 2011181)
>CROSS, GUNTER, WITHERSPOON

268200

    & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
(501) 371-9999
Fax: (501) 371-0035
Email: gnorthen@cgwg.com

***Attorney for Defendant***

5

268200