IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMARK MCKINNEY, individually and
on behalf of all others similarly situated**                                                      **PLAINTIFF**

v.                                   Case No. 4:21-cv-00886 KGB

**L7 COMMUNICATIONS, LLC**                                                                        **DEFENDANT**

## ORDER

Before the Court is plaintiffs Jamark McKinney, Rashad McKinney, and Antonio Tenner and defendant L7 Communications, LLC's ("L7") joint motion for approval and dismissal (Dkt. No. 17). Plaintiff Jamark McKinney, individually and on behalf of all others similarly situated, filed this action asserting claims under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq*. (Dkt. No. 1). On November 21, 2022, the Court granted the parties' joint motion to amend, and plaintiff Jamark McKinney filed the first amended and substituted complaint removing the class and collective action claims and added plaintiffs Rashad McKinney and Antonio Tenner as parties (Dkt. Nos. 15; 16). In the first amended and substituted complaint, plaintiffs alleged that they were improperly classified as exempt, which plaintiffs alleged resulted in violations of the FLSA and AMWA (Dkt. No. 16). Before the Court is the parties' joint motion for approval and dismissal because, after negotiations between counsel, the parties have entered into a Settlement Agreement and Release ("Settlement Agreement") resolving the litigation of their claims for back wages and other relief in full (Dkt. No. 17, ¶ 6). The parties attach the Settlement Agreement to the joint motion for the Court's review and approval (Dkt. Nos. 17, ¶ 7; 17-1).

Settlement agreements resolving FLSA claims are typically subject to court approval. *See Younger v. Ctrs. for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.*; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.*, No. 3:16-cv-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach).

At the request of the parties, having reviewed the Settlement Agreement signed by plaintiffs and L7, the Court determines that the Settlement Agreement both provides plaintiffs a reasonable recovery and furthers the implementation of the FLSA in the workplace. Therefore, the Court grants the joint motion for approval and dismissal and approves the Settlement Agreement (Dkt. Nos. 17; 17-1). The Court dismisses with prejudice plaintiffs' claims against L7.

So ordered this 28th day of November, 2022.

                                                Kristine G. Baker
                                                United States District Judge